IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KUSH WILKERSON,

Plaintiff,

1. v.

HUNTER SARVER, Sergeant; WILLIAM
SUNDAY, Sergeant; JASON HOLT,
Sergeant; CODY COVINE, Correctional
Officer; WILLIAM KEMP, Correctional
Officer; ORLANDO HARPER, Warden of
Allegheny County Jail; JASON BEASOM,
Chief Deputy Warden; ALLEGHENY
COUNTY; JOHN DOES 1-5

Defendants.

Civil Action

No. 2:25-cv-919

## Answer of Defendant Allegheny County to the Amended Complaint

Now Comes Defendant Allegheny County by Assistant Solicitor John A.

Bacharach and file this Answer to the Amended Complaint, ECF Doc. 31.

### Introduction

1. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

2. Denied.

3. Denied.  Plaintiff physically assaulted another inmate. Plaintiff knew that would result in him being charged with a misconduct and moved to the Disciplinary Housing Unit pending completion of an investigation and disposition of the misconduct charge. When Sergeant Sarver and Officer

Covine came to Plaintiff's housing unit to he knew that they intended to move him to the DHU, and he was so informed. Plaintiff resisted knowing that force must be used by the officers to maintain the safety and security of the ACJ and to protect themselves, other officers and inmates.

4.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

5.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

6.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

**Jurisdiction and Venue**

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    It is admitted that Plaintiff has been incarcerated at the Allegheny County Jail. (ACJ) since July 2023.  As to the other averments of this paragraph, after reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

11.    It is admitted that Defendant Sarver was employed by Allegheny County at the ACJ as a sergeant.  The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

12.    It is admitted that Defendant Holt was employed by Allegheny County at the ACJ as a sergeant. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

13.    It is admitted that Defendant Sundy was employed by Allegheny County at the ACJ as a sergeant. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

14.    It is admitted that Defendant Kemp was employed by Allegheny County at the ACJ as a correctional officer. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

15.    It is admitted that Defendant Covine was employed by Allegheny County at the ACJ as a correctional officer. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

16.    After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

17.    It is admitted that Defendant Beasom was employed by Allegheny County at the ACJ as  the Chief Deputy Warden. The other averments of this paragraph

are legal conclusions that require no response, to the extent that a response is required they are denied.

18. It is admitted that Defendant Harper was employed by Allegheny County at the ACJ as the Warden. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

19. It is admitted that Allegheny County operates the ACJ.

**Answer to Allegations of Fact**

20. Admitted.

21. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

22. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

23. Denied. It is admitted that many ACJ inmates are pretrial detainee.

24. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

25. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

26. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

27. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

28. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

29. The lawsuit speaks for itself.

30. The document speaks for itself. Plaintiffs acknowledged that Allegheny County admitted no fault.

31. The document speaks for itself.

32. Admitted. Plaintiffs settled only with Allegheny County and they acknowledge that Allegheny County denied any wrongdoing.

33. It is admitted these lawsuits were filed and dismissed. It is denied that they had merit. Grievances were submitted. The substance of the grievances is not admitted.

34. It is admitted these lawsuits were filed and dismissed. It is denied that they had merit.

**July 12 Use of Force**

35. Admitted that Plaintiff was arrested for robbery and possession of a firearm.

36. Plaintiff's ACJ medical record speaks for itself.

37. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

38. Plaintiff's ACJ medical record speaks for itself.

39. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

40. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

41. Plaintiff physically assaulted another inmate by walking behind him while he was talking on the telephone and striking his head. Most of what occurred on July 12 can be seen on CCTV video.

42. Admitted, however Sarver had observed Plaintiff's assault on CCTV video. Sarver walked to the sally port. Officer Covine supervised Plaintiff's entry into the sally port.  Most of what occurred on July 12 can be seen on CCTV video.

43. Denied. Officer Covine had placed one handcuff on Plaintiff when he tried to break away compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force was Sarver's use of his jail issued taser and hand strikes. Most of what occurred on July 12 can be seen on CCTV video.

44. Plaintiff continued to resist compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force

was Sarver's use of his jail issued taser and hand strikes. Most of what occurred on July 12 can be seen on CCTV video.

45. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

46. Plaintiff tried to break away and resisted compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force was Sarver's use of his jail issued taser and hand strikes.

47. A Code 3 was called and other officers arrived.

48. Plaintiff tried to escape through the wicket. He continued to disobey the officers' orders to stop resisting and comply with orders. Reasonable force was used because he continued to resist, but far fewer than 8-10.

49. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

50. It is admitted that Plaintiff was eventually brought under control using reasonable physical force.

51. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

52. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

53. Admitted.

54. Reasonable and necessary force was used. When Plaintiff's resistance and non-compliance ceased, the use of force ceased. Most of what occurred on July 12 can be seen on CCTV video.

55. Plaintiff's head was not rammed into the back of the elevator. Most of what occurred on July 12 can be seen on CCTV video.

56. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Most of what occurred on July 12 can be seen on CCTV video.

57. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Most of what occurred on July 12 can be seen on CCTV video.

58. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. It is admitted. That Plaintiff was taken to the DHU and when he was being cleared for that unit he stated he was suicidal and he was taken to the Mental Health Pod. Most of what occurred on July 12 can be seen on CCTV video.

59. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Most of what occurred on July 12 can be seen on CCTV video..

60. Admitted.

61. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

62. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves. To the extent that this refers to medical records, the records speak for themselves.

63. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

64. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

65. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this

paragraph. To the extent that this refers to medical records, the records speak for themselves.

66. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

67. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

68. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

69. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

70. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

71. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this

paragraph. To the extent that this refers to medical records, the records speak for themselves.

72. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

73. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

74. It is only admitted that a complaint was filed and dismissed.

**Access to Safe Security Practices**

75. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

76. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

77. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

78. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

79. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

80. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

81. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

82. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

83. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

84. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

85. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

86. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

87. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

88. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

89. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

90. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

91. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

92. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

93. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

**Training**

94. Denied. ACJ staff was trained on the use of force.

95. Denied. ACJ staff was trained on the use of force.

96. Denied. ACJ staff was trained on the use of force.

97. Denied. ACJ staff was trained on the use of force.

98. Denied. ACJ staff was trained on the use of force.

99. Denied. ACJ staff was trained on the use of force.

100. Denied. ACJ staff was trained on the use of force.

**Supervisory Defendants Involvement in Use of Force Policies**

101. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

102. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

103. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

104. Denied.

105. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

106. Admitted.

107. This paragraph refers to a writing that speaks for itself.

108. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

109. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

110. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

111. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

112. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

113. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

114. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

115. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

116. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

117. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

118. This paragraph refers to other Defendants and requires no response. To the extent that a response is required, this paragraph is denied.

## Count I

## Fourteenth Amendment – Use of Force

## Correctional Officer Defendants and Sergeants

119. All prior paragraphs are incorporated by reference.

120. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

121. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

## Count II

## Fourteenth Amendment- Use of Force

## Supervisory Defendants

122. All prior paragraphs are incorporated by reference.

123. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

124. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied..

125. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

## Count III

## Fourteenth Amendment -Use of Force

## Allegheny County

126. All prior paragraphs are incorporated by reference.

127. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

128. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

129. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

130. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

131. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

132. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

133. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

## Count IV

## Americans With Disabilities Act

## Allegheny County

134. All prior paragraphs are incorporated by reference.

135. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

136. This paragraph refers to medical records that speak for themselves.

137. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

138. After reasonable investigation the Defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph.

139. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

140. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

141. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

142. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

143. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

**Count V**

**Rehabilitation Act**

**Allegheny County**

144. All prior paragraphs are incorporated by reference.

145. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

146. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

147. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

148. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

149. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

150. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

151. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

Wherefore Defendant demand judgment in its favor and against the Plaintiff.

**Affirmative Defenses**

152. Defendant incorporates Paragraphs 1-151 as though set forth completely herein.

153. Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against the Defendant under the First, Sixth, Eighth, or Fourteenth Amendments to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. Civil Rights Act or amendments thereto, any other provision of the U.S. Constitution or laws.

154. Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against Defendant, or entitling Plaintiff to recover from the Defendant for any compensatory, exemplary, punitive, or any other type of damages, fees, or costs.

155. Plaintiff has failed to establish, and cannot establish, any personal involvement by the Defendant sufficient to demonstrate any constitutional or other violation by it.

156. Plaintiff has failed to establish, and cannot establish, that, if the Defendant

acted under color of state, local or federal statute, ordinance, custom, regulation, usage, law, or authority, it violated any constitutional or other rights had by the Plaintiff.

157. Plaintiff failed to seek redress of Plaintiff's grievances through the Prison Litigation Reform Act.

158. Plaintiff has otherwise failed to exhaust administrative remedies.

159. Plaintiff has procedurally defaulted on the claims in this suit.

160. The Defendant was in no way deliberately indifferent to the Plaintiff's conditions-of-confinement, or other needs and/or rights.

161. The Defendant did not act with reckless indifference to any particular vulnerability to assault by Mitchell on the Plaintiff.

162. The Defendant neither knew of nor disregarded any objective or excessive risk to the Plaintiff's health or safety.

163. At all times relevant hereto, the Defendant took appropriate actions and used appropriate customs, policies, practices, and protocols to protect the Plaintiff's rights while at the ACJ and to satisfy any and all duties the Defendant had to the Plaintiff.

164. The Defendant took no action to impede or obstruct medical care for the Plaintiff and on information and belief assert that Plaintiff received appropriate medical care.

165. Allegheny County is entitled to all available immunities from suit.

166. As against the Defendant, Plaintiff's instant action is without reasonable support in fact or law, is patently unmeritorious, is frivolous, is vexatious,

and cannot prevail.

167.    Plaintiff's suit is barred by the applicable statute of limitations.

168.    Plaintiff's suit is barred by   laches.

169.    Plaintiff's suit and request for damages are otherwise barred  by law  and/or

equity.

WHEREFORE, Defendant demand  judgment  in  its  favor  and  against Plaintiff.

Defendant  also  demands  all  appropriate  attorneys'  fees  and  costs  incurred   by  them  in

defending this  action.

Respectfully submitted,

s/ John A. Bacharach,
Allegheny County Assistant Solicitor
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150
john.bacharach@AlleghenyCounty.us

**A Jury Trial is Demanded**

.