IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUSH WILKERSON,<br><br>      Plaintiff,<br><br>      1.  v.<br><br>HUNTER SARVER, Sergeant; WILLIAM SUNDAY, Sergeant; JASON HOLT, Sergeant; CODY COVINE, Correctional Officer; WILLIAM KEMP, Correctional Officer; ORLANDO HARPER, Warden of Allegheny County Jail; JASON BEASOM, Chief Deputy Warden; ALLEGHENY COUNTY; JOHN DOES 1-5<br><br>      Defendants. | Civil Action<br><br>No. 2:25-cv-919 |

## Answer of Defendants Sarver, Sundy, Holt, Covine, Kemp, Harper, and Beasom

Now Come Defendants Sarver, Sundy, Holt, Covine, Kemp, Harper, and Beasom by Assistant Allegheny County Solicitor John A. Bacharach and file this Answer to the First Amended Complaint, ECF Doc. 31.

### Introduction

1. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

2. Denied.

3. Denied. Plaintiff physically assaulted another inmate. Plaintiff knew that would result in him being charged with a misconduct and moved to the

Disciplinary Housing Unit pending completion of an investigation and disposition of the misconduct charge. When Sergeant Sarver and Officer Covine came to Plaintiff's housing unit to he knew that they intended to move him to the DHU, and he was so informed. Plaintiff resisted knowing that force must be used by the officers to maintain the safety and security of the ACJ and to protect themselves, other officers and inmates.

4. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

5. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

6. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

**Jurisdiction and Venue**

7. Admitted.

8. Admitted.

9. Admitted.

**Parties**

10. It is admitted that Plaintiff has been incarcerated at the Allegheny County Jail. (ACJ) since July 2023. As to the other averments of this paragraph, after reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

11. It is admitted that Defendant Sarver was employed by Allegheny County at the ACJ as a sergeant. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

12. It is admitted that Defendant Holt was employed by Allegheny County at the ACJ as a sergeant. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

13. It is admitted that Defendant Sundy was employed by Allegheny County at the ACJ as a sergeant. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

14. It is admitted that Defendant Kemp was employed by Allegheny County at the ACJ as a correctional officer. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

15. It is admitted that Defendant Covine was employed by Allegheny County at the ACJ as a correctional officer. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

16. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. The other averments of this paragraph are legal conclusions

that require no response, to the extent that a response is required they are denied.

17. It is admitted that Defendant Beasom was employed by Allegheny County at the ACJ as the Chief Deputy Warden. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

18. It is admitted that Defendant Harper was employed by Allegheny County at the ACJ as the Warden. The other averments of this paragraph are legal conclusions that require no response, to the extent that a response is required they are denied.

19. Admitted that Allegheny County operates the ACJ

**The Allegations of Fact**

20. Admitted.

21. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

22. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

23. Denied. It is admitted that many ACJ inmates are pretrial detainee.

24. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

25. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

26. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

27. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

28. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

29. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. The lawsuit speaks for itself.

30. The document speaks for itself. Plaintiffs acknowledge that Allegheny County admitted no fault. These Defendants were not parties to that lawsuit.

31. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied. The document speaks for itself.

32. Admitted. Plaintiffs settled only with Allegheny County and they acknowledge that Allegheny County denied any wrongdoing.

33. It is admitted these lawsuits were filed and dismissed. It is denied that they had merit. Grievances being submitted does not establish that they have merit.

34. It is admitted lawsuits were filed and dismissed. It is denied that they had merit.

35. Admitted that Plaintiff was arrested for robbery and possession of a firearm.

36. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

37. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

38. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

39. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

40. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph.

41. Plaintiff physically assaulted another inmate by walking behind him while he was talking on the telephone and striking his head.

42. Admitted, however Sarver had observed Plaintiff's assault on CCTV video. Sarver walked to the sally port. Officer Covine supervised Plaintiff's entry into the sally port. What occurred was captured on CCTV, which speaks for itself.

43. Denied. Officer Covine had placed one handcuff on Plaintiff when he tried to break away compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force was Sarver's use of his jail issued taser and hand strikes. Much of what occurred was captured on CCTV, which speaks for itself.

44. Plaintiff continued to resist compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force was Sarver's use of his jail issued taser and hand strikes.

45. Denied. Much of what occurred was captured on CCTV, which speaks for itself.

46. Plaintiff tried to break away and resisted compelling Covine and Sarver to use force to protect themselves, to obtain compliance to their lawful orders, and to maintain the safety and security of the ACJ. Included within the use of force was Sarver's use of his jail issued taser and hand strikes. Much of what occurred was captured on CCTV, which speaks for itself.

47. A Code 3 was called and other officers arrived.

48. Plaintiff tried to escape through the wicket. He continued to disobey the officers' orders to stop resisting and comply with orders. Reasonable force was used because he continued to resist, but far fewer than 8-10. Much of what occurred was captured on CCTV, which speaks for itself.

49. Denied. It is, however, admitted that Sergeant Sarver used his Taser. Much of what occurred was captured on CCTV, which speaks for itself.

50. It is admitted that Plaintiff was eventually brought under control using reasonable physical force. Much of what occurred was captured on CCTV, which speaks for itself.

51. Denied.

52. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Sarver denies that he tasered Plaintiff "in the anus."

53. Admitted.

54. Reasonable and necessary force was used. When Plaintiff's resistance and non-compliance ceased, the use of force ceased. Much of what occurred was captured on CCTV, which speaks for itself.

55. Denied. Sarver was not in the elevator and he had no further contact with Plaintiff after he left the sally port. Plaintiff's head was not rammed into the back of the elevator. Much of what occurred was captured on CCTV, which speaks for itself.

56. Denied. What occurred in the elevator was captured on CCTV, which speaks for itself.

57. Denied as stated. Plaintiff continued to resist while in the elevator and additional force was used, which included hand strikes. What occurred in the elevator was captured on CCTV, which speaks for itself.

58. Denied. It is admitted that Plaintiff was taken to the DHU and when he was being cleared for that unit he stated he was suicidal and he was taken to the Mental Health Pod.

59. It is admitted that Plaintiff was searched on Level 5. His jail uniform was removed as a suicide precaution. It is denied that Holt participated. It is not admitted that threats were made.

60. Admitted.

61. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

62. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

63. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this

paragraph. To the extent that this refers to medical records, the records speak for themselves.

64. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

65. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

66. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

67. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

68. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

69. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

70. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

71. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

72. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

73. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. To the extent that this refers to medical records, the records speak for themselves.

74. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this

paragraph. To the extent that this refers to medical records, the records speak for themselves.

## Disciplinary Practices

75. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

76. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

77. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

78. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

79. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

80. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

81. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

82. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

83. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. By way of further answer these Defendants are not medical professionals.

84. Admitted. This conduct was captured on CCTV.

85. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

86. It is admitted that the initial use of force occurred when Wilkerson turned towards the officers. This conduct was captured on CCTV, which speaks for itself.

87. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Denied as to Defendants Sarver and Covine. This conduct was captured on CCTV.

88. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Denied as to Defendants Sarver and Covine. This conduct was captured on CCTV.

89. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Denied as to Defendants Sarver and Covine. This conduct was captured on CCTV.

90. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

91. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

92. After reasonable investigation the Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph. Denied as to Defendant Sarver. This conduct was captured on CCTV.

93. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

**Training**

94. This paragraph is related to the Supervisory Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

95. This paragraph is related to the Supervisory Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

96. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants.

97. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants.

98. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants.

99. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants.

100. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants.

## Supervisory Defendants Involvement in Use of Force Policies and Practices

101. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

102. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

103. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

104. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

105. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

106. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

107. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the

extent that a response is required, the averments of this paragraph are denied.

108. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

109. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

110. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

111. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are

argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

112. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants.  Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

113. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants.  Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

114. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants.  Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

115. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants.  Denied as

to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

116. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

117. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

118. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Officer and Sergeant Defendants. Denied as to the Supervisory Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

119.

**Count I**

**Excessive Force**

**Non-Supervisory Defendants**

120. All prior paragraphs are incorporated by reference.

121. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

122. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, this paragraph is denied.

**Count II**

**Fourteenth Amendment**

**Supervisory Defendants**

123. All prior paragraphs are incorporated by reference.

124. This paragraph is related to the Supervisory Defendants and requires no response by the Correctional Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied..

125. This paragraph is related to the Supervisory Defendants and requires no response by the Defendants.  The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

126. This paragraph is related to the Supervisory Defendants and requires no response by the Defendants. The averments of this paragraph are argumentative and legal conclusions that require no response. To the extent that a response is required, the averments of this paragraph are denied.

**Count III**

**Fourteenth Amendment**

**Allegheny County**

127. All prior paragraphs are incorporated by reference.

128. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

129. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

130. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

131. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

132. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

133. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

134. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

**Count IV**

**Americans with Disabilities Act**

**Allegheny County**

135. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

136. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

137. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

138.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

139.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

140.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

141.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

142.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

143.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

144.  This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

145. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

## Count V

## Rehabilitation Act

## Allegheny County

146. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

147. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

148. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

149. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

150. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

151. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

152. This paragraph is related to other Defendants and requires no response by the Defendants. To the extent that a response is required the averments of this paragraph are denied.

Wherefore Defendants demand judgment in their favor and against the Plaintiff.

## Affirmative Defenses

153. Defendants incorporate Paragraphs 1-151 as though set forth completely herein.

154. Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against these Defendants under the First, Sixth, Eighth, or Fourteenth Amendments to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. Civil Rights Act or amendments thereto, any other provision of the U.S. Constitution or laws.

155. Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against Defendants, or entitling Plaintiff to recover from these Defendants for any compensatory, exemplary, punitive, or any other type of damages, fees, or costs.

156. Plaintiff has failed to establish, and cannot establish, any personal involvement by the individual Defendants sufficient to demonstrate any constitutional or other violation by any of them.

157. Plaintiff has failed to establish, and cannot establish, that, if any Defendant acted under color of state, local or federal statute, ordinance, custom, regulation, usage, law, or authority, any of them violated any constitutional or other rights had by the Plaintiff.

158. Plaintiff failed to seek redress of Plaintiff's grievances through the Prison Litigation Reform Act.

159. Plaintiff has otherwise failed to exhaust administrative remedies.

160. Plaintiff has procedurally defaulted on the claims in this suit.

161. Defendants are entitled to Qualified or Absolute Immunity.

162. These Defendants were in no way deliberately indifferent to the Plaintiff's conditions-of-confinement, or other needs and/or rights.

163. These Defendants neither knew of nor disregarded any objective or excessive risk to the Plaintiff's health or safety.

164. At all times relevant hereto, these Defendants took appropriate actions and used appropriate customs, policies, practices, and protocols to protect the Plaintiff's rights while at the ACJ and to satisfy any and all duties these Defendants had to the Plaintiff.

165. The Defendants took no action to impede or obstruct medical care for the Plaintiff and on information and belief assert that Plaintiff received appropriate medical care.

166. Defendants are entitled to all other available immunities from suit.

167. As against these Defendants, Plaintiff's instant action is without reasonable support in fact or law, is patently unmeritorious, is frivolous, is vexatious,

and cannot prevail.

168.    Plaintiff's suit is barred by the applicable statute of limitations.

169.    Plaintiff's suit is barred by   laches.

170.    Plaintiff's suit and request for damages are otherwise barred  by law  and/or

equity.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

Defendants also demand all appropriate attorneys' fees and costs incurred  by them in

defending this  action.


Respectfully submitted,

*/s/ John A. Bacharach*
John A. Bacharach
Assistant County Solicitor
Pa. I.D. #19665

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150
John.Bacharach@alleghenycounty.us

A JURY TRIAL IS DEMANDED